46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cody LARUM, Plaintiff-Appellant,
v.
SILVER STATE INDUSTRIES, et al., Defendants-Appellees.
 No. 94-15623.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Oct. 20, 1994.*
Decided: Jan. 25, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cody Larum, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Larum contends that the district court erred in dismissing his claim since he was entitled to be paid the minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Secs. 201-19. Because Nevada prisoners are required by statute to engage in forty hours of labor per week, Nev. Rev. Stat. Ann. Sec. 209.461 (Michie 1993), Larum does not qualify as an "employee" within the meaning of the FLSA. Morgan v. MacDonald, F.3d , No. 92-16643, slip. op. 14817, 14821-22 (9th Cir. Dec. 2, 1994). We AFFIRM.
 
 I.
 
 3
 Larum contends that the district court erred in dismissing his claim asserting that he worked voluntarily for Silver State Industries ("Silver State"). The fact that Larum chose Silver State as the workplace at which to fulfill his required 40 hours of work is immaterial. Morgan, No. 92-16643 at 14822-23. In order to establish a claim under the FLSA, an inmate must demonstrate that he is working with a private person, corporation, association or firm. Hale v. State of Ariz., 993 F.2d 1387, 1400 (9th Cir.) (en banc), cert. denied, U.S. , 114 S.Ct. 386 (1993).
 
 
 4
 Larum concedes that Silver State is a part of the Nevada Department of Prisons. Because Larum is working for a prison program created pursuant to a statutory requirement that prisoners work for a designated number of hours per week, "the economic reality is that [his] labor belong[s] to the institution." Id. at 1395. Therefore, Larum's work situation falls squarely within the holding of Hale and Morgan, and he fails to qualify as an "employee" within the meaning of the FLSA. The district court did not err in dismissing Larum's claim sua sponte since Larum's claim lacked any basis in law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We AFFIRM the district court.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3